Parker, C. J.,
delivered the opinion of the Court. We are of opinion that assessing more than five per cent, above the sums voted by the town to be raised, makes the assessment illegal and void; and the assessing that highway tax as a money tax is also in direct violation of the law, and for that cause, also, the assessment is void.
It is impossible to distinguish between that part of a tax which might have been rightly assessed, and that for which no authority is given, so that the assessment should be valid for one part and void for another. This point was settled in the case of Stetson vs. Kempton &A. (a)
With respect to the objection that, as one of the taxes was le *136 gal ly assessed, and the property was seized as well on that as the others, — although it struck us at first with some force, we are satisfied it is not sound. If no more property had been taken than was sufficient to satisfy the legal tax, then, perhaps, trespass would not lie, although the warrants for the other taxes had been used at the same time in taking the property. But here the property was avowedly taken as sufficient to satisfy all the warrants, and it was sold under the authority of all. If there was no trespass in the original taking, on account of the legal warrant, yet the proceeding to sell under all was an abuse of authority, and renders those who commanded the act liable, as trespassers, for the whole. If the property taken had been an individual article, in its nature not separable, although of more value, perhaps trespass could not have been maintained. But here two oxen were taken, and they were palpably more than ought to have been taken to satisfy the legal warrant. The collector must, therefore, have acted under a void authority in seizing the oxen ; and the defendants, having commanded that act, are chargeable in this action.
The amount of the tax for 1815, which was legally assessed, we understand, makes no part of the damages * recovered; and we cannot see any tenable ground upon which any reduction of the damages can be allowed. When the property of a man is taken without lawful authority, he has a right to the value of that property, at the least in damages. A tax is no debt, until it is assessed and demanded; and if not legally assessed, it is the same as if never assessed at all; so that to reduce the damages, on the ground that the plaintiff owed a part of the money claimed from him, would be unauthorized by legal principles.
What, then, is to be done, when assessors have neglected then duty or gone beyond their authority ? Is the whole tax to be lost ? There is no need of this. The tax may be re-assessed, or the town may renew their vote to raise the money. And it is better that they should suffer this inconvenience than that the property of the citizen should be taken from him, to satisfy arbitrary exactions, limited by no rule but the will of assessors. Strictness in these particulars is wholesome discipline — as it will, from motives of interest, produce care and caution in the selection of town officers, and diligence in them when chosen.

Judgment on the verdict,

 Bangs vs. Snow, 1 Mass. Rep. 181.