HUSE *v.* MERRIAM & AL.

If in the assessment of a tax, the assessors exceed the sum voted to be raised and five *per cent.* thereon, though the excess be of a few cents only, the whole is void; and the assessors are liable in *trespass* to the party whose goods have been distrained for the tax.

THIS was an action of trespass *vi et armis* for taking away the plaintiff's horse, and it came up to this Court by exceptions filed pursuant to the statute. The defendants justified as assessors of *Belfast,* proceeding in the discharge of their duty to assess a sum of money voted by the inhabitants of one of the school districts in that town for the erection of a school house; the particulars of which, and the issuing of their warrant to the collector who distrained the horse for non-payment of the tax, were set forth in the brief statement filed in the case. To the regularity of these proceedings various objections were taken, among which was this,—that the sum assessed exceeded the amount voted and five *per cent.* thereon, by the sum of *eighty-*

*seven cents ;* the sum voted being two hundred and fifteen dollars, and the amount of the whole assessment being two hundred and twenty-six dollars and sixty-two cents.

*Crosby*, for the defendants, resisted this objection on the ground of the smallness of the excess;—and he insisted that if the maxim *de minimis non curat lex* meant any thing, it ought to be received to protect assessors when, in the honest discharge of their duty, they *unintentionally* exceeded the strict legal limit, by so small a trifle. He said that this case differed from *Libby v. Burnham*, 15 *Mass.* 144. where the overlaying was large and was deliberately made; and contended that assessors, for an inadvertent mistake in a matter within their jurisdiction, were not liable as mere trespassers. *Dillingham v. Snow*, 5 *Mass.* 558.

*Johnson*, on the other side, was stopped by the Court; whose opinion was afterwards delivered by

MELLEN C. J. This case comes before us on exceptions to the opinion and direction of the Court of Common Pleas.—That Court decided that the *assessment*, under which the defendants attempted to justify the act complained of by the plaintiff as a trespass, was illegal and void, because they were authorized by the vote of the town of *Belfast* to assess only the sum of $215; and yet did in fact assess $226,62—being $11,62 more than the sum voted; and that, though by statute assessors may add to the sum voted five per cent. on its amount and legally assess the whole, yet in the present case they assessed on the sum voted 87 *cents* over and above the five per cent.—To this opinion exception was taken.—It is contended that this sum of 87 cents is such a trifle as to fall within the range of the maxim *de minimis non curat lex ;*—but if not, that still this small excess does not vitiate the assessment.—The maxim is so vague in itself as to form a very uncertain ground of proceeding or judging ; and it may be almost as difficult to apply it as a rule in *pecuniary* concerns, as to the *interest* which a *witness* has in the event of a cause ;—and in such a case it cannot apply.—*Any interest* excludes him. In *Boyden v. Moore adm'x.* 5 *Mass.*

Huse *v.* Merriam & al.

365. this subject was under consideration.—*Forty-one cents* were not considered a trifle.—The Chief Justice observed that " frac- " tions, not to be expressed in the legal money of account, are " *trifles* and may be rejected."

The only question then is whether the assessment of this un- authorised excess vitiates the assessment? The case of *Dilling- ham v. Snow,* 5 *Mass.* 547. is different from this.—There some rateable property was omitted which should have been contain- ed in the list of valuations, by which each assessment was in- creased beyond its due proportion; but no more was assessed than by law the assessors had authority to assess. The case was completely within their jurisdiction, and the Court in giv- ing their opinion expressly recognize and state this distinction. Neither is the case of *Colman & al. v. Anderson,* 10 *Mass.* 105. similar to this. The assessments then under consideration were made *before* the statute was enacted authorizing overlayings of 5 *per cent.*, and at a time when overlayings to any reasonable amount were usual, were deemed proper; and were acquiesced in; but even in that case *Sewall J.* in giving the opinion of the Court, says, " The overlaying, if an irregularity, will not *vacate* " *the warrant to the collector or constable;* he is justified by the " warrant, and the remedy where an injury is sustained, *is* " *against the assessors,*"—the very remedy resorted to in this case. In *Libby v. Burnham,* 15 *Mass.* 144. it was expressly de- cided that " the assessing more than five *per cent.* above the sums " voted by the town to be raised, makes the assessment illegal " and void."—The same point was also decided by this Court in the case of *Elwell v. Shaw,* 1 *Greenl.* 339.—Although the excess in the case before us is very small, it makes the assess- ment void.—If the line which the legislature has established be once passed, we know of no boundary to the discretion of as- sessors.—Accordingly the exception is overruled and

*Judgment affirmed.*