## MOSHER vs. ROBIE & al.

In an action of trespass against Parish assessors, it was holden, that the following vote, viz : " to allow the collector $10 for collecting the taxes," passed at the same Parish meeting with the vote raising $250 for the support of the minister, and $30 for the music, did not authorise the assessors to include the $10 in their assessment.

The statute of 1826, ch. 337, providing, " that the assessors of towns and parishes, &c. shall not hereafter be made responsible for the assessment of any tax which they are by law required to assess ; but the liability, if any, shall rest solely with said town, &c. — and the assessors shall be responsible only, for their own personal faithfulness and integrity" — was holden to afford no protection to Parish assessors, for including in their assessment of a tax, a sum not raised by a vote of the Parish, exceeding the authorised overlay of five per cent.

THIS was an action of trespass, for taking and carrying away and converting to the defendant's use, certain goods and chattels, the property of the plaintiff. The general issue was pleaded and joined ; and the defendants also filed a brief statement alleging that they were the assessors of the First Parish in *Gorham*, and that all the acts by them done were done in that capacity.

The property was taken and sold by the collector of taxes for the First Parish in *Gorham*, to satisfy a Parish tax assessed on the plaintiff for the year 1832.

From the Parish records it appeared, that at a meeting, on the 3d of *April*, 1832, the Parish voted " to assess on the polls and estates, $200 for *Mr. Pomeroy's* salary, $20 for taking care of the vestry, and $30 for the music," which with an overlay of five *per centum* would amount to $262,50; but from the copy of assessment lodged in the assessor's office, it appeared that the whole amount of the assessment was $265,20.

The counsel for the defendants contended, that to the money voted and raised by the Parish, and authorised to be raised as aforesaid, the sum of $10 should be added by virtue of a vote passed at the same Parish meeting, in the following words, viz : " Voted, to allow the collector ten dollars, for collecting the taxes." The counsel for the defendants further contended, that if the jury should be satisfied that the assessors in their assessment, *by mistake* exceeded the sum authorised to be raised by the Parish, to be assessed on the polls and estates, they would not be lia-

ble in this action. But *Parris J.* ruled otherwise on both points. If it was correct, the verdict, which was for the plaintiff, was to stand, otherwise, to be set aside and a new trial granted.

*Longfellow*, for the defendants, contended, that it was not necessary for the defendants to show a vote in any particular form of words, raising the sum — or in so many words instructing the assessors to assess a tax to a certain amount — but if it be clearly the intention of the Parish that a sum should be raised, then the assessors are authorised to assess it.

It is manifest, that the $10 to the collector, was to be in *addition* to the $250. The $10 could not be deducted from that sum, because that was all specifically appropriated.

2. But if the defendants were mistaken in regard to their authority, we then contend, that they are protected by the provisions of statute of 1826, *ch.* 337. The object of the legislature being to protect public officers, in a fair and honest exercise of their duties, such construction of the law should be adopted by the Court, as would effectuate this intention. We contend, that by this statute, in no case are assessors liable, unless they act *wilfully and designedly wrong.*

*N. Emery*, for the plaintiffs, cited *Barnes* v. *Hearn,* 11 *Mass.* 59; *Agry* v. *Young*, 11 *Mass.* 220; *Stetson* v. *Kempton*, 13 *Mass.* 272.

PARRIS J. delivered the opinion of the Court as follows :

By statute, *chap.* 116, *sec.* 14, assessors are authorised and empowered to apportion on the polls and estates, according to law, such additional sum, over and above the precise sum to them committed to assess, as any fractional division of such precise sum may render convenient in the apportionment thereof, not exceeding five *per centum* on the sum so committed. — But the assessment of more than five *per cent.* above the sums voted to be raised, makes the assessment illegal and void. *Libby* v. *Burnham*, 15 *Mass.* 144.

In this case, the assessment was too large, unless the sum allowed to the collector for collecting the taxes, can be considered as constituting a part of the sum committed to the assessors to assess.

Such, we think, cannot be considered the legal construction of the vote, especially when compared with the other vote, passed at the same meeting.

The Parish first vote to *assess on the polls and estates* of the parishioners, certain sums for the minister's salary, for taking care of the vestry, and for music, and this is the only vote for the assessment or raising of money. Subsequently, the Parish vote to allow the collector ten dollars, for collecting the taxes. It is contended, that it must be presumed, that the Parish intended to raise this additional sum for paying the collector, and to have it included in the assessment, as there was no other way of providing the means. That does not appear. We do not know but the Parish had a productive fund, from the proceeds of which this sum was to be paid, or an unexpended balance remaining in the treasury. The vote, allowing the collector a certain sum for his services, is similar, in its legal effect, to a vote, allowing an account for any other services. It authorises the payment of such account, but it does not provide the means. So far as we are acquainted with the mode of transacting business by towns or parishes, it has never been considered that a vote to allow or pay accounts, was a vote to raise or assess money ; especially since the case of *Libby* v. *Burnham*, where, as stated by counsel, the excess of assessments arose from the assessors' adding the fees or commissions, allowed by the town to the collector; and the Court decided that such excess rendered the whole assessment illegal and void.

If the assessment made by the defendants is void, it follows, that they are answerable in this action, unless protected by the statute of 1826, *ch.* 337, *sec.* 1. That statute provides, " that the assessors of towns, plantations, parishes, and religious societies shall not hereafter be made responsible for the assessment of any tax, which they are by law required to assess ; — but the liability, if any, shall rest solely with said towns, plantations, parishes, and religious societies ; — and the assessors shall be responsible only for their own personal faithfulness and integrity."

We readily admit the soundness of the position, taken by the defendants' counsel, that such a construction should be given to this statute as will carry it into effect. In order to understand the object of the framers of the statute, it should be kept in mind,

that previous thereto, assessors were not only answerable for their own neglects, but also for the omissions or illegal acts of others. *Stetson* v. *Kempton,* 13 *Mass.* 272. If they assessed a tax, void by reason of irregularity in the proceedings of the town, or parish, or its officers, the assessors were held responsible to the individual assessed, provided the assessment was enforced.

The object of the statute of 1826 was, no doubt, to relieve them from this hazardous accountability for the omission of others, permitting them to remain answerable only for their own misdoings.

If they assess what they are not by the corporation, of which they are assessors, required or authorised to assess, the protecting statute does not reach them. It could not have been intended, that in such a case, the individual aggrieved should be without redress. The tax is void, in consequence of the proceedings of the assessors. The property of a citizen has been taken by their order, contained in their warrant to the collector, to satisfy this void tax, and can it be that the law affords no remedy ?

Is the parish answerable ? It has in no way authorised the procedure. It did not require the assessment of the excess ; and unless made liable by statute, cannot be holden to the party injured by such assessment.

It is not a faithful discharge of the assessors' duty, to require a collection greater than is authorised by the vote of the town or parish, and the additional five *per cent.* allowed by law.

The question, whether an individual is liable to taxation in a particular town or parish, is often one of very considerable nicety, and which, with the exercise of all personal faithfulness and integrity, may sometimes, by assessors, be decided wrong ; and yet it has been held in *Massachusetts,* where assessors are responsible only for their integrity and fidelity, that if the assessors of a religious society, assess a tax on a person who is not a member, they are liable to an action of trespass : — for they do not come within the provisions in the statute, that in certain cases, they shall be responsible only for their own integrity and fidelity. *Gage* v. *Currier,* 4 *Pick.* 399.

We think the true construction of our statute, *ch.* 337, *sec.* 1, is to leave the assessors answerable for their own misdoings, and relieve them from all liability, arising from the misdoings of others.