### JOEL STONE *vs.* SAMUEL BEAN.

Taxes assessed by a city for "roads and bridges" are highway taxes, and, under the Rev. Sts. *c.* 7, § 27, one sixth thereof must be assessed on polls, although it makes the poll tax on each person more than one dollar and fifty cents; or the whole assessment will be void.

WRIT OF ENTRY to recover land in Lowell. Trial in Middlesex, before *Merrick*, J., who took a verdict for the tenant, and reported the case to the full court, in whose opinion the facts are stated.

*R. B. Caverly*, for the demandant.

*A. P. Bonney*, for the tenant.

MERRICK, J. The only title shown by the demandant to the premises of which he seeks in this suit to recover possession is that which he claims to derive from the deeds of Ithamar W. Beard, collector of taxes in the city of Lowell for the years 1849 and 1850. If, as it is alleged by the tenant, the assessments of taxes in those years in the city were severally illegal and invalid, the collector, although acting under formal warrants, had no legal authority to enforce payment of any tax by distress of personal property or sale of real estate. The legality of the assessment is therefore the only question in the case. It is not contended by the tenant that, if the assessment was made in conformity to the requirements of the statute, there was any want of regularity in the subsequent proceedings, by which the respective conveyances of the collector would be rendered ineffectual.

It appears from the report that in each of those years the city council duly voted and resolved that a certain and designated sum of money should be assessed upon the polls and estates within the city, to defray the current expenses of the year, and

for the payment of the city debt. The aggregate sum thus voted to be assessed consisted of many and various items, among which were, for the year 1849, twenty thousand dollars for "roads and bridges," and for the year 1850, twelve thousand dollars for the like purpose. The whole sum thus voted to be raised in each year, including the items for "roads and bridges," was in fact assessed in one tax; and one dollar and fifty cents, and no more, was assessed upon each poll.

By the provisions of the statute regulating the assessment of taxes, assessors are required to assess upon the polls, as nearly as the same can conveniently be done, one sixth part of the whole sum to be raised, provided that the whole poll tax assessed in any one year upon any individual, for town and county purposes, except highway taxes, shall not exceed one dollar and fifty cents; and the residue of said whole sum to be raised shall be assessed upon property. Rev. Sts. *c.* 7, § 27.

By force of these provisions, a rule is established for the assessment of highway taxes, different from that which is to be observed in the assessment of taxes for all other town and county purposes. One sixth part of the highway tax is, without any qualification or restriction, or any regard to its whole amount, to be imposed upon the polls. If this is not done, and the two taxes, for the general purposes of the town, and for the support and maintenance of highways, are united and blended together in one assessment, by which the poll tax assessed upon each poll is less than according to the prescribed rule it should have been, the whole assessment is erroneous and void, and payment of the tax cannot legally be enforced.

By recurring to the statements in the report concerning the sums of money, and the items of which they consist, which the city voted and resolved to raise in each of the years 1849 and 1850; and comparing, first, the aggregate of all the items, excepting those for "roads and bridges," with the whole number of polls, and then making a like comparison between the amount voted for roads and bridges with the whole number of polls; it will be seen that under the rules before stated the poll tax for the year 1849 should have been one dollar and ninety seven

cents, and for 1850 one dollar and seventy nine cents, if the sums voted for "roads and bridges" constituted, when assessed, a highway tax. Such an error is fatal to the validity of the assessment. Not being made in conformity to the explicit requirements, but imposing a greater tax upon property than could lawfully be charged upon it, the assessment was not only erroneous, but absolutely void. *Goodrich* v. *Lunenburg*, 9 Gray, 38. *Libby* v. *Burnham*, 15 Mass. 144. *Southampton* v. *Easthampton*, 8 Pick. 380.

But the demandant contends that no highway tax was assessed upon the polls and estates within the city of Lowell in either of the years 1849 or 1850 : first, because the term "highway" is not applicable to the streets of a city ; and secondly, because all the several sums of money mentioned in the resolves of the city council were for the general purposes of the corporation. As to the first of the objections, we think that the streets of a city have always been regarded as highways in the strictest sense of the term ; and the adjudication in the case of *Fales* v. *Dearborn*, 1 Pick. 345, proceeded upon that assumption, and was in fact substantially to that effect.

There seems to us as little room for doubt upon the remaining question. A highway tax is a tax for money raised for the repair, support and maintenance of highways, so that they may at all times be safe and convenient for all persons having occasion to travel or pass along upon them. It is of no consequence in what form the tax is imposed; its character is shown by the special purpose for which it is authorized. In the case of *Libby* v. *Burnham*, 15 Mass. 144, it appears that the town of Durham voted to raise four hundred dollars for the repair of highways, and for the rebuilding of a bridge in the town, in place of one which had then recently been swept away. This was before towns were authorized to raise money to be appropriated to the support or repair of highways, payable otherwise than in labor or materials; and it was attempted to uphold the validity of the assessment in which that sum was included, upon the ground that the four hundred dollars thus voted to be raised might and ought to be considered as having been for the neces-

sary charges arising within the town, and thus properly and lawfully included in an assessment with other sums of money which the town had authority to raise. But the court held, that the assessment of the four hundred dollars was for a highway tax; and that, having been assessed in an unlawful manner, the whole was void, because, as was said by Parker, C. J., it is impossible to distinguish between that part of a tax which might have been rightly assessed, and that for which no authority is given, so that it should be valid for one part and void for the other; and so, it was said, was the decision in *Stetson* v. *Kempton*, 13 Mass. 272.

This distinction has been observed as well by the legislature as in the courts of law. Until the year 1818, highway taxes were payable in labor and materials. It was then, by new statutory provisions, left to all towns containing at least eight hundred inhabitants to determine for themselves in what manner highway taxes should be paid, whether in labor or money; and the law in this respect has ever since remained unchanged. *St.* 1818, *c.* 121, § 1. Rev. Sts. *c.* 25, §§ 8, 9. Under this legislation, it is obvious that a tax to raise any definite amount of money in cash, for the support and maintenance of highways, is just as much a highway tax as an assessment for the same sum payable in labor and materials. The statute before mentioned, which authorized towns to raise such sums of money as they should judge to be necessary for the construction and repair of highways and town ways within their respective limits, had been in force many years, and of course was well known when the existing provisions of law relative to assessing one sixth part of highway taxes upon the polls were first made. *St.* 1828, *c.* 143, § 3. And these provisions must therefore be considered as having been intended to be equally applicable to all highway taxes, whether payable in money or in labor and materials.

The conclusion is therefore unavoidable, that, as the assessments of taxes in Lowell for the years 1849 and 1850 were in part for highway taxes, and the poll tax was less than by law it should have been, the whole assessments were erroneous and void; and the demandant did not acquire, by virtue of the collector's deeds, any title to the estate claimed against the tenant.

*Judgment on the verdict for the tenant.*