THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY, APPELLANT, V. SAUNDERS COUNTY ET AL., APPELLEES.

1. **Taxes:** INJUNCTION. In an action to enjoin certain taxes levied to pay interest on bonds issued to a railroad company, and to raise a sinking fund under the act of 1875, the injunction was denied as to the interest, but granted until the further order of the court as to the sinking fund.

2. ———: INSANE HOSPITAL. The tax for the insane hospital for S. Co., was certified to be $1,765.22, but the amount actually levied was considerably in excess of that sum; *Held*, That the excess was levied without authority of law, and void.

3. ———: BONDS UNDER SPECIAL ACT: PRACTICE: PLEADING: School District No. 1, of S. county, issued bonds in 1871 under a special act of the legislature. Thirteen years afterwards a tax payer sought to enjoin the payment of interest on the bonds upon the sole ground that they were issued under a special act: *Held*, That there was not sufficient either pleaded or proved to put in issue the constitutionality of the bonds.

APPEAL from the district court of Saunders county Tried below before POST, J., on exceptions to report of referee.

*Marquett & Deweese,* for appellant.

*T. B. Wilson* and *J. R. Gilkerson,* for appellees.

MAXWELL, J.

This action was brought by the plaintiff in the district court of Saunders county to enjoin the collection of certain taxes claimed to be illegal. The cause was referred by consent to Hon. W. H. Munger who found that the taxes in controversy were legal and valid. Exceptions were filed to the report of the referee, which were overruled and the report confirmed. The plaintiff appeals to this court.

The plaintiff alleges in its petition that it was the owner

of four 16-100 miles of railway in said county assessed in the year 1879 at the sum of $8,032 per mile, and also a large amount of land, a description of which is given in the petition; that in that year the county commissioners of said county levied taxes as follows: "July 9th, 1879, board of county commissioners met, members all present. On motion the levy of taxes for state purposes as reported by state auditor was ordered placed on the tax list for the year 1879. Said levy is as follows:

"General fund, 4 mills on the dollar.

"Sinking fund, 1 mill        "

"School fund, 1        "        "

"University fund, ⅜ "        "

"On motion the levy for county purposes was made as follows, and ordered placed on the tax list for the year 1879:

"For general purposes, 9 mills on the dollar.

"    Sinking fund, 10        "        "

"    Bridge        "    3        "        "

"    Road        "    2        "        "

"    Insane        "    1        "        "        "

The plaintiff alleges that the sinking fund of ten mills is unauthorized and all in excess of 3 mills on the dollar void. A stipulation as to certain facts was entered into by the parties from which it appears that in the year 1870 the county of Saunders issued and delivered to the plaintiff $40,000 of its coupon bonds due in twenty years from date with interest at 10 per cent; that in the year 1877 said county issued to the Republican Valley R. R. Co., its coupon bonds to the amount of $140,000 due in twenty years with interest at 10 per cent; that all of said bonds were legally issued and registered, and the levy to pay the interest thereon was properly certified by the state auditor. The referee among other things found as follows:

"*Sixth*, That on the 9th of June, 1879, the auditor of public accounts of the state of Nebraska certified to the county clerk of said Saunders county the amount of inter-

est due and to become due for such year on said bonds, as required by sec. 4, page 171, laws of 1875."

" *Seventh,* That the clerk of said county upon receiving such certified statement from the auditor, ascertained from the assessment roll of said county the amount of taxable property in such county, and what percentage was required to be levied thereon to pay the said interest, and to create a sinking fund in compliance with the certificates of the said auditor, and did levy such percentage upon the taxable property of such county," etc.

" *Eighth,* That the amount of the levy so made was 10 mills on the dollar, and is the 10 mills mentioned and denominated as sinking fund."

I.   It will be seen that the tax in question, at least to the extent of paying the interest on the bonds, was a valid tax. As to the amount levied for sinking fund under the provisions of sec. 4 of the act " to authorize the registration, collection, and redemption of county bonds," approved February 25, 1875, Laws of 1875, 171, we will hear further argument, as the question involves a construction of the limitations of the taxing power under our present constitution and has not been very fully presented.   The collection of the sinking fund tax in excess of the amount required for interest on the bonds will therefore be enjoined until the further order of the court.

II.   As to the levy for the insane fund the referee found as follows: " That on the 13th day of May, 1879, the auditor of public accounts, after receiving the quarterly certificates from the superintendent of the Insane Hospital, pursuant to section 47, page 307, Compiled Statutes, notified the county clerk of Saunders county of the amount due from said county to said hospital, to-wit, $1,765.22 ; and the board of county commissioners levied therefor the one mill tax denominated "insane fund."

The section above referred to reads as follows: " The superintendent shall certify to the auditor of state on

the first days of March, June, September, and December, the amount (not previously certified by him) due to said hospital from the several counties having patients chargeable thereto, and said auditor shall pass the same to the credit of the hospital. The auditor shall thereupon notify the clerk of each county so owing of the amount thereof, and charge the same to said county; and the board of county commissioners shall add such amount to the next state tax to be levied in said county, and pay the amount so levied into the state treasury." The testimony shows that a tax of one mill on the dollar for the year named will produce considerably more than $1,765.22. As the tax is levied in pursuance of an express provision of the statute, no greater sum can be levied than is expressly authorized; therefore, to the extent of $1,765.22 the tax is sustained, and all in excess of that sum being levied without authority of law is void and is perpetually enjoined.

III. Objection is made to certain bonds voted by school district No. 1 of said county, which were issued under a special act of the legislature, approved February 10, 1871. The constitutionality of the act in question is not raised by the pleadings or proof, and no equitable grounds are set up in the petition for enjoining the taxes levied to pay the interest on these bonds. And now, after the lapse of thirteen years from the time the bonds were issued, the interest thereon so far as appears having been paid without objection, it would seem but justice to require a party complaining to show that the taxes levied to pay the interest thereon were inequitable and unjust. As nothing of the kind is either pleaded or proved, the taxes will not be enjoined. Judgment will be entered in conformity with this opinion.

JUDGMENT ACCORDINGLY.

COBB, CH. J., concurs.

REESE, J., having been of counsel, took no part in the decision.