ST. LOUIS & S. F. R. CO. v. TATE, *County Treasurer, et al.*

No. 2382.   Opinion Filed March 11, 1913.

(130 Pac. 941.)

1.   **TOWNSHIPS—Levy of Taxes—Township Board—Budget.** Comp. Laws 1909, secs. 7624-7626, 8730-8735, construed, and held to require the township board of directors to make out an estimate of the amount of money necessary to defray the township expenses during the ensuing year; the same to be attested and filed with the clerk of the county to enable the county commissioners to proceed with the levy.

2.   **SCHOOLS AND SCHOOL DISTRICTS—School Tax—Estimate of Expenditures.** Constitution, art. 10, sec. 19, Comp. Laws 1909, secs. 8056, 8093, 8117, construed, and held to require the local legislative body of the school district to distribute the tax voted at the annual school meeting of the district in payment of an estimate of the expenditures authorized to be incurred by Comp. Laws 1909, sec. 8056, and thus show for what purpose the tax was levied, and certify the same to the district clerk.

3.   **MUNICIPAL CORPORATIONS—Incorporated Town Tax—Levy——Collection.** Constitution, art. 10, sec. 19, construed, and held to require the board of trustees of an incorporated town, in assessing annual taxes pursuant to Comp. Laws 1909, sec. 847, and in order to specify distinctly the purpose for which said tax is levied, by resolution or order, to adopt an estimate of expenditures and fix a tax levy to raise it and certify the same to the county commissioners, to be by them levied and collected as other taxes.

4.   **TAXATION—Excessive Levy—Collection—Injunction.** Where, in certain school districts, towns, and townships, a tax of a certain number of mills, for the purpose of paying their respective estimates of expenses for the ensuing year, was levied when a lesser levy would be more than sufficient to raise the amount necessary to pay said estimates, and where the lesser has been paid, and where the county treasurer and the sheriff are threatening to collect from plaintiff the balance, held that said balance is excessive and illegal, and that it was error to refuse to restrain its collection.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Suit by the St. Louis & San Francisco Railroad Company against J. B. Tate, as County Treasurer of Noble County, and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*H. E. St. Clair,* Deputy Co. Atty., for defendants in error.

TURNER, J. This is an action brought by the St. Louis & San Francisco Railroad Company, plaintiff in error, against the county treasurer and the sheriff of Noble county to enjoin the collection of certain taxes which defendants were threatening to collect from said company, assessed against its property for the fiscal year July 1, 1909, to June 30, 1910.

On April 16, 1910, judgment was rendered and entered in favor of defendants, and plaintiff brings the case here. It contends that the taxes levied for that year on its property were excessive in certain school districts, towns and townships in Noble county; that the amount raised therefor exceeded the necessary expense in those taxing jurisdictions, as shown by the estimate of expenses filed by the respective officers thereof. Prior to the suit, plaintiff paid said county all that was exacted, save the sum of $416.17. The question for us to determine is whether this sum in the aggregate is excessive and void. Taking for example, one of each class of the taxing jurisdictions involved pursuant to the allegations of the petition, the facts disclose:

"As to the town or city of Morrison, the estimate of the amount required to be raised by taxes for the fiscal year in question, as filed with the county clerk, was $612.06. The levy made was five mills. The total valuation of all property in said town was $204,046. Therefore, a five-mill levy would produce $1,020. The valuation of the property of plaintiff in said town was $23,397."

As to this incorporated town it is claimed:

" * * * That, as a part of the amount of taxes still claimed by said defendant, J. B. Tate, as such county treasurer, to be due from said plaintiff, there is the sum of $23.40, being a

levy of one mill for Morrison city, in the county of Noble, state of Oklahoma; which is in excess of the lawful requirements for said Morrison city for the year in question, and said levy so claimed constitutes an illegal and unjust demand, which said Morrison city had no power or authority to make."

The facts further disclose that:

"In Morrison township the estimate of the amount necessary to be raised by taxation was $1,523.13. The levy was three mills. The total valuation of all property in the township was $682,860. The levy would therefore raise $2,046. The total valuation of the property of plaintiff in this township was $127,332."

As to this township it is claimed:

"That as a part of the amount of taxes still claimed by said defendant, J. B. Tate, as such county treasurer, to be due from said plaintiff, there is the sum of $63.67, being a levy of five-tenths mills for Morrison township, in the county of Noble, state of Oklahoma, which is in excess of the lawful requirements for said township for the year in question, and said levy so claimed constitutes an illegal and unjust demand, which said township had no power or authority to make."

By plaintiff it is urged that:

"Given the assessed value of property upon which to levy a tax, there are certain provisions of law which are mandatory and must be complied with before a valid levy can be made: (1) It must be ascertained, as required by law, what the actual need of the township, school district, or town is by the officer or officers authorized to ascertain same. It is a judicial prerequisite to a valid levy that the needs of a taxing jurisdiction be thus ascertained and furnished the body making the levy prior to the time the levy is made. (2) The levy must not exceed the constitutional or statutory limit, and should be fixed so as to produce only the necessary expense of the taxing jurisdiction for the ensuing year. The spirit of the Oklahoma law is admittedly that taxing jurisdictions should be required to make an estimate of the amount required for such expenses during the ensuing fiscal year. As regards both townships and school districts, such an estimate is specifically required by law."

In other words, the plaintiff contends that the statute requires that these three classes of taxing jurisdictions shall make an estimate of the amount required annually to defray the expense of the jurisdiction, and that this was done, but that the

amount raised by the levy was in excess of the estimate, and void as to that excess. On the other hand, it is contended that no such estimate is required; that those filed with the county clerk are *brutum fulmen*; and the levy, being within the constitutional limit, must stand. Plaintiff's contention is the law.

After providing in Comp. Laws 1909, sec. 7625, for making the county levy, the next section provides:

"All levies for cities, towns and townships and school district taxes for the period hereinbefore indicated, shall be made in the manner provided by law on or before the second Monday in July of each year, and shall be certified to the county clerk immediately thereafter, and by him extended upon the tax rolls in the manner provided by law."

After section 8726 makes it the duty of the township board "to levy all taxes for township, road and bridge purposes," and section 8730 defines township charges, section 8731 reads:

"The money necessary to defray the township charges of each township shall be levied on taxable property in each township in the manner prescribed in the general revenue law for state and county purposes"

—which means that such levy is proceeded with by the board of county commissioners in the manner prescribed by section 7625, *supra,* which is based on an estimate. But such estimates are specifically required to be filed by townships.

Comp. Laws 1909, sec. 8735 (Wilson's Rev. & Ann. St. 1903, sec. 6685), reads:

"The township board of directors shall make out an account of the amount of money necessary to defray the township expenses during the next ensuing year; said amount shall be made out not more than sixty nor less than twenty days prior to the meeting of the county commissioners at which the assessment for county purposes is made. Said account shall be signed by the president of the board and attested and filed with the clerk of the county on or before the first day of said session of the county commissioners, who shall cause the same to be placed upon the tax books of said township: Provided, that said expense shall not, together with the amount levied for road purposes and special bridge tax, exceed in any one year one hundred cents on the one hundred dollars valuation."

This was, in effect, our holding in *Nelson, Sheriff, v. Oklahoma City et al.,* 24 Okla. 617, 104 Pac. 42, on the strength of which we hold that when the statute says, as it does, that the directors of the township shall make out an account of the amount of money necessary to defray the township expense, it means that they shall make a statement or estimate of the amount required annually to defray the expense of that jurisdiction.

The same is true as to school districts. Comp. Laws 1909, sec. 8056, provides:

"The inhabitants qualified to vote at a school meeting lawfully assembled, shall have power * * * to vote annually a tax not exceeding two per cent. on all the taxable property in the district, as the meeting shall deem sufficient for the various school purposes, and distribute the amount as the meeting shall deem proper in the payment of teachers' wages, and to build, hire, or purchase a schoolhouse and to keep it in repair and to furnish the same with necessary fuel and appendages, and to purchase or lease a site: Provided. * * * *"

This is, in effect, providing that, when the power granted is exercised, the voter shall distribute the amount as the meeting shall deem proper in the payment of certain expenses, which means that an estimate of those expenses shall be then and there made, and a sufficient amount provided by the levy to pay them. This is required to show the purpose for which the tax was levied.

After this is done, section 8093 provides:

"The district clerk shall within five (5) days report to the county clerk the amount of tax levied at the annual meeting and for what purpose the same was levied. * * * *"

Section 8117 provides:

"It shall be the duty of the school district board of the various school districts of the respective counties of the state to cause to be certified by the school district clerk to the county clerk of their respective counties, on or before the twenty-fifth day of August, annually, the aggregate percentage by them levied on the real and personal property in each district, as returned on the assessment roll of the county; and the county clerk is hereby authorized and required to place the same on the tax roll of said county, in a separate column or columns, designating the purpose for which said taxes were levied. * * * *"

—which seems to contemplate that, after the tax has been voted and the estimate adopted by order or resolution of the board, the district clerk shall certify the same to the county clerk.

This method of showing for what purpose the tax was levied has been held sufficient in *McInerney, Sheriff, v. Huelefeld*, 116 Ky. 28, 75 S. W. 237, construing their Constitution, sec. 180, which is identical with ours (Const., art. 10, sec. 19), and provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied. * * *"

In the syllabus of this case it is said:

"The resolution of the fiscal court of a county levying a tax of 38 cents on the $100, which recited that it was apportioned as follows: 'Three cents for the purpose of creating a sinking fund with which to purchase a poorfarm and erect suitable building thereon, ten cents for the maintenance and repair of the public roads and bridges of the county, and 25 cents to defray the general county expenses'—specified the purpose of the levy with sufficient distinctness."

The same is true of an incorporated town, acting through its board of trustees in imposing an annual tax. Comp. Laws 1909, sec. 847, reads:

"The board of trustees shall have the following powers, viz.: (16) To assess annual taxes not exceeding fifty cents on the one hundred dollars valuation on all property subject by law to taxation within the town and certify the same to the county commissioners to be by them levied and collected as other taxes."

But in exercising their power the spirit of the law requires that the board comply with Const., art. 10, sec. 19, *supra,* and specify distinctly, as here, by resolution or order, adopting an estimate and fixing a tax levy to raise it, the purpose for which the tax is levied. On this point what we have just said concerning the McInerney case is equally applicable here. There, we repeat, it was held that a similar method adopted by the fiscal court was held to comply with the constitutional requirement, and specified the purpose of the levy with sufficient distinctness.

*Morrell Refrigerator Car Co. v. Commonwealth,* 128 Ky. 447, 108 S. W. 926, disposes adversely to defendant of his contention that the levy being within the constitutional limit, without more, must stand. There the court in the syllabus said:

"Const. 180, provides that every resolution passed by any county, city, town, etc., levying a tax shall specify the purpose for which the tax is levied. A resolution of the trustees of a school district declared that a property tax of 50 cents on each $100 worth of taxable property should be levied. *Held,* that the levy was void, as omitting to state the purpose thereof."

We are therefore of opinion that, before the local legislative body of the school district, town, or township here involved can exercise the taxing power under consideration, they must comply with Const., art. 10, sec. 19, and the respective sections of the statute, *supra,* and state directly the purpose for which the tax was levied by an estimate of their respective expenses filed, and that the estimates here filed sufficiently comply therewith.

As the allegations of the petition and the facts disclose that a tax of five mills was levied by the local legislative body for the purpose of paying the estimated expenses of the incorporated town of Morrison, when four mills would be more than sufficient for that purpose, which plaintiff has paid; that five mills was levied by the local legislative body for the purpose of paying the estimated expense of Morrison township, when two and five-tenths mills would have been more than sufficient for that purpose, which plaintiff has paid; that three mills was levied by the local legislative body for the purpose of paying the estimated expense of Watkins township, when two and five-tenths mills would have been more than sufficient for that purpose, which plaintiff has paid; that a tax of five mills was levied by the local legislative body for the purpose of paying the estimated expenses of Warren Valley township, when one and seventy-five one-hundredths mills would be more than sufficient for that purpose, which plaintiff has paid; that a tax of three mills was levied by the local legislative body of school district No. 43 for the purpose of paying the estimated expenses of that district, when two mills would be more than sufficient for that purpose, which plaintiff has paid; that a tax of four mills was levied by the local legislative body

of school district No. 42 for the purpose of paying the estimated expenses of that district, when two mills would have been more than sufficient for that purpose, which plaintiff has paid; that a tax of three mills was levied by the local legislative body of school district No. 15 for the purpose of paying the estimated expenses of the district, when two mills would have been more than sufficient for that purpose, which plaintiff has paid; and that defendants are threatening to, and will, collect the balance of the tax so levied unless enjoined—the question for us to determine is whether said balance is legally imposed and can its collection be restrained.

In *A., T. & S. F. Ry. Co. v. Wiggins, Treasurer*, 5 Okla. 477, 49 Pac. 1019, it is held that a tax levy, which is clearly in excess of the amount which the board of county commissioners is authorized to levy for a particular purpose, is illegal, and that the remedy is injunction to restrain its threatened enforcement. The court in the syllabus said:

"A petition which alleges facts to show that a tax levy of fourteen mills, for the purpose of paying the salaries of county officers for the ensuing year, was made by the board of county commissioners, when eight mills would be more than sufficient for such purpose, and that plaintiff has paid eight mills of the tax, and that the county treasurer is threatening to collect and will issue his warrant for the collection of the balance of the tax so levied unless enjoined from so doing, states a good cause of action, and it is error to sustain a demurrer to such a petition."

And in the body of the opinion (5 Okla. 483, 49 Pac. 1020):

"The limit of the levy for the payment of salaries may be much more difficult of ascertainment than for these funds which have prescribed boundaries; but it as surely exists, and that may be said to be where the necessity ceases, when enough has been levied to meet the demand on the fund for the year. It is for that purpose that this public exaction is permitted; and when that has been satisfied, the exercise of the authority is complete. The complete exercise of power furnishes its own limitation upon the authority. When what has been done is all that there has been given authority to do, a limitation is as surely presented as though stated in express language. A clear absence of authority to do an official act has always been held to render the act void"

—citing *Hurt v. Hamilton,* 25 Kan. 76; *Board of County Commissioners of Osborne County v. Blake,* 25 Kan. 356; *Burlington, etc., Ry. Co. v. Saunders County,* 16 Neb. 123, 19 N. W. 698; *Libby v. Burnham,* 15 Mass. 144; *Appeal of Conners et al.,* 103 Pa. 356; and *Joyner v. School District No. 3,* 3 Cush. (Mass.) 567, where the court said:

"Assuming all other proceedings to have been regular, the excess in the amount of the tax assessed, beyond the sum voted to be raised by the district, would alone vitiate the assessment, and render the tax illegal. Under the vote of the district to raise $250, the assessors assessed the sum of $285.01, an amount far exceeding the excess which is allowed by the statute. This is a fatal objection to the validity of the tax."

When the Wiggins case was again before the court (9 Okla. 118, 59 Pac. 248), in the syllabus it was said:

"By section 3, art. 2, c. 43, Sess. Laws 1895, the board of county commissioners of each county is directed to levy an assessment for each particular fund, including the county salary fund, the respective amounts of which shall be estimated by the board of county commissioners, and they are required to state the amount of revenue necessary to be raised for each fund, and to this amount must be added 25 per cent. thereof to cover delinquencies. This statute fixes a maximum limitation as to the amount of the salaries for the entire year, plus the 25 per cent. additional to cover delinquent taxes; and, where a board of county commissioners makes a levy for an amount greatly in excess of this sum, such excess is illegal, and, upon proper application, the collection thereof will be enjoined."

See, also, *St. L. & S. F. R. Co. v. Thompson et al., ante,* 128 Pac. 685.

We are therefore of opinion that the excessive levies complained of in the various taxing jurisdictions, which we have mentioned, are illegal and void, and should be enjoined, and that the lower court erred in refusing so to do. The cause is accordingly reversed and remanded, with directions so to do, and to make the same perpetual.

All the Justices concur.