## ST. LOUIS & S. F. R. CO. v. RICHARDSON, *County Treasurer, et al.*

No. 5461.   Opinion Filed February 29, 1916.

(155 Pac. 1125.)

**SCHOOLS AND SCHOOL DISTRICTS—Taxes—Excessive Levy—Proof —Injunction.** In an action to enjoin certain taxes levied by school districts prior to the adoption of sections 7379, 7380, Rev. Laws 1910, as in excess of the estimated expenses for the fiscal year, the reports of the clerks of the respective school districts to the county superintendent showing the estimated expenses of such districts for such fiscal year are not the best evidence of the making of such estimates of expenses by such districts, and there being no showing by plaintiff that the minutes of the annual meetings kept by the clerks of the respective school districts could not be obtained or that such minutes did not show estimates of the expenses of such districts for the fiscal year, the evidence offered, consisting of reports to the county superintendent, is not sufficient to entitle plaintiff to the relief sought.

(Syllabus by Rummons, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by the St. Louis & San Francisco Railroad Company against H. T. Richardson and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

Opinion by RUMMONS, C.   This action was commenced in the district court of Tulsa county by the plaintiff in error, hereinafter styled the plaintiff, against the defendants in error, hereinafter styled the defendants, to enjoin the collection and enforcement of certain taxes levied for the year 1909 claimed by plaintiff to be excessive. The taxes complained of consisted of levies alleged to be excessive in Wekiwa and Dawson townships and in

school districts Nos. 12, 21, and 28. The cause was tried to the court, and upon the conclusion of the evidence of plaintiff a demurrer was sustained to the evidence as to the tax levy for Wekiwa township. At the conclusion of the case the court rendered judgment enjoining the collection of the excessive levy for Dawson township and dissolving the temporary injunction and denying the permanent injunction against the alleged excessive levies for school districts 12, 21, and 28. Plaintiff in due time filed its motion for new trial, which was overruled, saved an exception to such ruling, and brings this proceeding in error to reverse the judgment of the trial court.

The only errors complained of in the judgment of the court below go to the action of the court in denying the permanent injunction as to the excessive taxes levied for school districts Nos. 12, 21, and 28. The plaintiff alleged that the taxes levied by those school districts, respectively, for the year 1909 were in excess of the estimated expenses of the school districts for the fiscal year ending June 30, 1910, in the following amounts: School district No. 12, one mill, producing a tax upon the assessed valuation of plaintiff's property in said school district in the sum of $218.23; school district No. 21, two mills, producing a tax upon the property of plaintiff in the sum of $593.05; school district No. 28, one and five-tenths mills, producing a tax upon plaintiff's property of $463.13. Plaintiff had paid into the county treasury all the taxes levied by the state and county, and by the respective school districts, except the sums above mentioned, which they claimed to be illegal and void as being in excess of the estimated needs of the respective school districts. The defendants answered denying generally and specifically the allegations of plaintiff's petition.

To sustain the allegations of its petition plaintiff offered in evidence, over the objection of the defendants, reports of the clerks of the respective school districts to the county superintendent of Tulsa county, showing the estimated expenses of said school districts for the fiscal year ending June 30, 1910. These reports, if competent, showed that the levies made by the respective school districts were excessive, and we think the sole question to be determined in this case is the competency of such reports. While they were admitted in evidence, the court in rendering judgment refused to consider them as evidence, and therefore denied the injunction.

The taxes complained of were levied in the year 1909, prior to the taking effect of the act of the Legislature of March 17, 1910 (Rev. Laws 1910, secs. 7379, 7380; Laws 1910, p. 111, secs. 3, 4), creating the county excise board, and were levied under the provisions of section 8056, Comp. Laws 1909, at the annual district meetings of said school districts. Evidence of plaintiff discloses that at the time of the trial the estimates of the expenses of the respective school districts for the fiscal year ending June 30, 1910, could not be found in the office of the county clerk of Tulsa county, and that the only records in said office pertaining to the levy of the taxes complained of were certificates of the clerks of the respective school districts to the county clerk showing the number of mills of tax levied by each of said school districts and the assessed valuation of said school districts. Thereupon the plaintiff sought to introduce, and did introduce, the reports filed with the county superintendent above referred to. It is contended by plaintiff, and, we think, correctly, that at the time of the levy of the taxes complained of the school districts were not required by law to file with the county clerk an esti-

mate of the expenses for the fiscal year. It is equally true that no such reports were required by any law to be filed with the county superintendent. Section 8089, Comp. Laws 1909, required the clerk to make a report to the county superintendent immediately following the annual district meeting, showing: First, the number of school children in the district; second, the number of children attending school during the year; third, the length of time school has been taught during the year, the name of the teacher, and the wages paid; fourth, the amount of money received from the county treasurer from disbursements from the state school fund, the amount received from district taxes, and the amount received from all other sources during the year, and the manner in which all moneys have been expended; fifth, the amount of money raised by the district in such year, and the purpose for which it was raised; sixth, the amount of books used in the school, and such facts and statistics as the county superintendent may require. This report seems to contemplate a statement of the fiscal transactions of the school district for the past year, and not to require any report as to the amount of revenues needed for the ensuing year. The reports offered in evidence were made upon blanks apparently prepared by the office of the State Examiner and Inspector for the purpose of acquiring information to be used by such office in performing the duties imposed upon it by law. But it is contended by plaintiff that such reports have been held competent evidence by this court in the case of *St. L. & S. F. R. Co. v. Tate,* 35 Okla. 563, 130 Pac. 941. It is said by plaintiff that in the case cited the estimates referred to by the court were in fact filed with the county superintendent as in the case at bar. Plaintiff contends that the court, by using at page 569 of

35 Okla., at page 843 of 130 Pac., the following expression, "and that the estimates here filed sufficiently comply therewith," held that the estimates so filed were competent evidence of the amount of revenue required by the school district. We cannot agree with counsel for plantiiff as to the effect of the case cited. It is apparent that the court in determining the case cited treated the estimates relied upon as having been filed with the county clerk, as will appear from the following language used by the court:

"On the other hand, it is contended that no such estimate is required; that those filed with the county clerk are *brutum fulmen;* and the levy, being within the constitutional limit, must stand."

We do not think the case cited determines the question here considered, nor that it is authority for the contention of plaintiff that the reports filed with the county superintendent are competent evidence, as the admissibility of the estimates does not seem to have been considered, but only their sufficiency as estimates. It is, however, further contended by plaintiff that, inasmuch as it had shown that no estimates were on file with the county clerk, the estimates offered in evidence were admissible as secondary evidence, and, not being rebutted by any evidence for the defendants, must stand and be considered by the court in rendering judgment. In this, we think, counsel for plaintiff are in error. They have overlooked the primary source of evidence as to what estimates of revenue required were made by the respective school districts. The minutes of the clerks of the respective districts of what occurred at the annual meeting would be the best evidence of the estimate of expenses made by the respective districts as a basis for levying the taxes complained of, in absence of a statute requiring such estimates to be

filed in any public office as a basis for the tax levy. *Marlow v. School Dist. No. 4*, 29 Okla. 304, 116 Pac. 797.

The minutes of the clerks of the respective school districts were not produced, nor was there any evidence to show that they could not be procured, nor were they accounted for in any way. We conclude that the trial court was right in holding that the estimates offered in evidence by plaintiff were incompetent as primary evidence, and in the absence of any showing that the best evidence could not be obtained they were incompetent as secondary evidence. *Dyal v. Norton*, 47 Okla. 794, 150 Pac. 703-705; *Farmers' Hardware, etc., Co. v. Thacker*, 54 Okla. 425, 153 Pac. 1144.

That being so, plaintiff failed in its proof of the illegality of the taxes complained of, and the judgment of the court below dissolving the temporary injunction was right, and should be affirmed.

By the Court: It is so ordered.