# MARLOW et al. v. SCHOOL DIST. NO. 4, MURRAY COUNTY, et al.

## No. 940.   Opinion Filed July 11, 1911.

### (116 Pac. 797.)

1.  **EVIDENCE—Documentary—Certificates of Officers.**   Certificates required by statute to be made by officers in the discharge of their official duty, as a rule, may be introduced in evidence, when material to any issue.

2.  **SAME.**   Certificates made by the county treasurer and the county clerk, purporting to state what is shown by the records in their custody, when not authorized by statute, are not competent evidence.

3.  **SCHOOLS AND SCHOOL DISTRICTS — Issuance of Bonds— Injunction—Dissolution.**   A petition in due form, properly verified, alleging that the officials of a school district are about to issue bonds in the sum of $10,000 in excess of the debt limit as prescribed by section 26, art. 10, of the Constitution, and a temporary injunction having been issued thereon, no answer having been filed to said petition, but an unverified motion to dissolve being presented, without any competent evidence being introduced to support the same, and an order being made dissolving said temporary injunction, held error.

4.  **EQUITY—Issuance of Bonds—Suit by Taxpayer.**   A resident taxpayer, although he shows no special private interest, may invoke the jurisdiction of a court of equity to prevent the issuance of bonds contrary to the limitations of article 10, sec. 26, of the Constitution.

(Syllabus by the Court.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by R. Marlow and others against School District No. 4, Murray County, and others.   Judgment for defendants, and plaintiffs bring error.   Reversed and remanded.

*Harry W. Broadbent* and *Walter E. Latimer,* for plaintiffs in error.

*John A. Haste* and *John H. Casteel,* for defendants in error.

WILLIAMS, J.   A temporary injunction was issued by the county judge of Murray county in the absence from said county of the district judge, enjoining the defendants in error from issuing for said school district bonds in the sum of $10,000.   On

motion at chambers, the temporary injunction was dissolved. The petition in due form, averring that said bond issue, including existing indebtedness, exceeded in the aggregate 5 per centum of the valuation of the taxable property of said school district, was properly verified. No evidence, by affidavit or otherwise, was offered in support of the motion to dissolve the injunction, except certain certificates from the county clerk and county treasurer.

One of the certificates by the county treasurer, purporting to be a cerified copy of the assessment records as to certain realty in his possession, does not show sufficient taxable valuation to bring said bond issue within the limit provided by section 26, art. 10, of the Constitution. We do not pass on the competency of this certificate; it not being essential, on account of the conclusions hereafter reached.

The other certificates by the treasurer and clerk purport to state what their records show. No statute has been called to our attention authorizing said officers, in their official capacity, to make such certificates. In such event, as a rule, they are not admissible in evidence. 2 Enc. of Evidence, p. 963; 3 Wigmore on Evidence, § 1633. Section 5908, Comp. Laws 1909 (section 4278, Stat. Okla. Ter. 1893), provides:

"The books and records required by law to be kept by any probate judge, county clerk, county treasurer, register of deeds, clerk of the district court, justice of the peace, police judge or other public officers, may be received in evidence in any court; and when any such record is of a paper, document or instrument authorized to be recorded, and the original thereof is not in the possession or under the control of the party desiring to use the same, such record shall have the same effect as the original; but no public officer herein named or other custodian of public records, shall be compelled to attend any court, officer or tribunal sitting more than one mile from his office with any record or records belonging to his office or in his custody as such officer."

As to whether this section has the effect of rendering competent the certified copy of assessment records as to certain realty, made by the county treasurer, we do not determine. In no case would it render competent the certificates made by the county

clerk and county treasurer, purporting to state certain facts shown by the records in their custody.

Equity has jurisdiction to prevent public officers and boards from letting or carrying out unauthorized and illegal contracts for public buildings, bridges, and other improvements, when such actions may cause the levy of illegal taxes, the expenditure of public funds in an improper manner, or a complication of the public business that will bring about many actions at law. It is generally proper for the application to be made by a taxpayer. *Kellogg v. School District No. 10*, 13 Okla. 285, 74 Pac. 110; *Bowles v. Neely et al.*, 28 Okla. 556, 115 Pac. 344; *Hannan v. Board of Education of Lawton*, 25 Okla. 372, 107 Pac. 646, 30 L. R. A. (N. S.) 214; *City of El Reno et al. v. Cleveland-Trinidad Pav. Co.*, 25 Okla. 648, 107 Pac. 163, 27 L. R. A. (N. S.) 650.

Injunction is a proper remedy to prevent the officers of a school district from issuing bonds in excess of the debt limit as provided by section 26, art. 10. It follows that no sufficient evidence was before the trial judge authorizing the discharge of the temporary injunction.

The judgment of the lower court is reversed, and this cause remanded, with instructions to reinstate same, with permission to renew the motion to dissolve the temporary injunction.

All the Justices concur.