## GREER *et al.* v. AUSTIN *et al.*

No. 4971.   Opinion Filed November 4, 1913.

(136 Pac. 590.)

1.  SCHOOLS AND SCHOOL DISTRICTS—Remedy of Taxpayer— Discharge of Teacher—Injunction.  At the instance of resident taxpayers of a school district, the powers of equity may not be invoked to enjoin the officials of the school district from discharging a teacher employed by contract to teach a school for a specified time.

2.  INJUNCTION—Grounds—Remedy at Law — Schools and School Districts.  The powers of equity may not be invoked by such teacher to enjoin the school board from discharging him before he had taught the school pursuant to said contract.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*Frank Mathews, Judge.*

Action by Thos. C. Greer and others against F. H. Austin and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Lawson & Dabney,* for plaintiffs in error.

*W. T. McConnell,* for defendants in error.

WILLIAMS, J.   The only question essential for determination under this record is as to whether the powers of equity may be invoked to enjoin the officers of a school district from discharging a person employed by said officials under a valid contract to teach a school for said district for a definite term. It has been settled in this jurisdiction that a taxpayer without showing a special private interest may maintain an action to prevent an illegal disposition of money of a municipality or school district or the illegal creation of a debt which he, with other property owners and taxpayers in such municipality or district, may be compelled to pay.   It is a general rule that for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or criminal, is by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the management of such of the local affairs of the community as may be intrusted to them by law.   The individual citizen does not in his own name interfere in behalf of the interest of society, but society acts through and by its properly constituted agencies. *Kellogg v. School District No. 10, Comanche County,* 13 Okla. 285, 74 Pac. 110, and authorities therein cited; *Marlow v. School District,* 29 Okla. 304, 116 Pac. 797, and authorities therein cited. In *Thompson v. Haskell, Governor,* 24 Okla. 70, 102 Pac. 700, it is said:

"The case of *Kellogg v. School District No. 10, supra,* does not appear to go to the extent of permitting private individuals to restrain public officers to correct purely public wrongs, but to restrict the right of a private individual to that class of cases

which involve the creation of debts illegally against, or the wrongful expenditure of moneys of, the taxpayers."

The question involved in that case was as to the creation of or addition to or subtraction from political subdivisions of a county and involved political acts. The question here, so far as the action is brought on the part of the taxpayers, is a public act involving the discharge of a teacher of a public school.

The teacher is also joined in this action. The question as to misjoinder of parties does not seem to be urged, but the joining of him in this action does not add merit to the case, for if his discharge is wrongful he has his action at law to sue for the recovery of his salary or for damages on account of the breach of contract. *School Dist. No. 13, Latimer County, v. Ward,* *ante,* 136 Pac. 588.

The action of the lower court is affirmed.

All the Justices concur.