## OKLAHOMA CITY v. CAPLE.

No. 26516.   Sept. 8, 1936.

Rehearing Denied Dec. 8, 1936.

Harlan Deupree, Municipal Counselor, and Ralph J. May and Robert L. Berry, Asst. Municipal Counselors, for plaintiff in error.

W. P. Morrison, A. L. Morrison, and John Morrison, for defendant in error.

RILEY, J.   This is an action commenced in the district court of Oklahoma county by defendant in error against the city of Oklahoma City to recover damages for personal injuries.

The cause was tried to a jury resulting in a verdict for defendant.

Motion for a new trial was sustained,

and the city appeals from the order granting a new trial.

Plaintiff was injured while working as a laborer in the excavation of a sewer ditch. The sewer in question was constructed as a Civil Works Administration Project under an Act of Congress known as the National Recovery Act of June 16, 1933. Thereunder a Federal Emergency Relief Administrator, provided for by Executive Order No. 6420-B, was authorized to "construct, finance, or aid in the construction or financing of any public works project included in the Civil Works Program, * * * and to appoint * * * and fix the compensation of such officers, experts and employees, and prescribe their duties and authority and make such expenditures * * * as may be necessary. * * * And with the consent of the state or municipality concerned, may utilize such state and local officers and employees as he may deem necessary."

The sewer project was submitted to and approved by the Civil Works Administrator.

The application, among other things, stated: "This project to be supervised by L. M. Bush, City Engineer."

In the construction thereof it was necessary to excavate a ditch about three feet wide, and in some places 16 or 17 feet deep, in which to lay the sewer pipe. At a point where the ditch was 16 feet deep, while plaintiff was working upon a platform erected in the ditch, the walls caved in and plaintiff was injured.

Plaintiff alleged and contends that the city had complete supervision and control of the work and location thereof, and particularly the manner and method of bracing the walls of the ditch, and was negligent in said matters in failing to properly brace the walls so as to prevent same from caving in, and was also negligent in permitting a leak and seepage from an adjacent sewer so as to weaken the north wall of the ditch so as to make it more likely to cave.

The city denied that it had or exercised such supervision or control, and alleged that C. W. A. had exclusive control and management of the manner and method of excavating the ditch, and that the only supervision by the city was as to results, that is, to see that the work was done according to plans and specifications.

This was one of the controverted questions in the case.

The trial court, in the order sustaining the motion for new trial, stated:

"The court feels that it committed error in not instructing the jury that the city was obligated to, under its arrangement with the United States Government, and/or did supervise the construction of the ditch where the plaintiff was injured."

In this the trial court was in error.

There was conflict in the evidence as to who did actually supervise and control the excavation and the method and manner of bracing the walls of the ditch. There is evidence on the part of defendant that all the employees engaged in the actual construction were employed by C. W. A., as well as the foreman, superintendent, safety engineers, etc.; that the foreman and superintendents so employed actually directed the manner of carrying on the works, and that the methods used in bracing the walls were theirs.

It is true that the application, provided that the project should be under the supervision of L. M. Bush, city engineer, but there is nothing in the record to show that such supervision was to extend further than that ordinarily exercised by municipalities where work of this nature is done by independent contractors, that is, supervision only as to results.

Furthermore, it must be borne in mind that in the executive order creating the C. W. A. it is provided that the Federal Relief Administrator was authorized, with the consent of the municipality, to utilize such state and local officers and employees as he might deem necessary.

It cannot be said, as a matter of law, that the city, under its arrangement with the United States Government, or under the evidence, was obligated to, or did actually supervise and control the methods employed in bracing the ditch.

The alleged newly discovered evidence goes chiefly to this controverted question of fact, and that ground, with others within the discretion of the trial court, is sufficient to sustain the order granting a new trial. The matter of granting or refusing a new trial is conceded to be a matter within the discretion of the trial judge, and ordinarily his action in such matters will not be set aside, especially where a new trial is granted, unless it can be said that there is error upon a pure question of law. It cannot be so held.

The order granting a new trial is affirmed.

McNEILL, C. J., and WELCH, CORN, and GIBSON, JJ., concur.