**KANSAS CITY LIFE INS. CO. v. MEADOR.**

*98 P. 2d 20.*

No. 28760. Dec. 19, 1939.

Rehearing Denied Jan. 23, 1940.

Keaton, Wells & Johnston, of Oklahoma City, and E. C. Armstrong, of Idabel, for plaintiff in error.

H. P. Hosey, of Idabel, for defendant in error.

HURST, J. Bertha L. Meador, as plaintiff, brought this action against defendant, Kansas City Life Insurance Company, to recover payments due under a certain total disability annuity clause which she claimed was contained in a life insurance policy issued to her by defendant. After a verdict for defendant, the trial court sustained plaintiff's motion for a new trial on the ground that certain evidence had been improperly admitted, and defendant appeals.

Defendant's sole contention is that the trial court erred in holding that the evidence in question was improperly admitted, and in granting a new trial on that ground. We do not agree with this contention. The principal, if not the sole, question involved was whether the insurance policy issued by defendant contained a provision waiving payment of premiums and providing for payment of a monthly annuity during the total disability of the insured. Plaintiff, and other witnesses who claimed they had examined the policy, testified that such a provision was contained in a rider attached to the policy. Plaintiff further testified that subsequently she obtained a policy loan from defendant, and was required to deliver the policy to defendant in order to obtain the loan, and that the rider was attached to the policy when she so delivered it. Defendant offered evidence tending to prove that such a rider was not at any time attached to plaintiff's policy, introducing a duplicate copy of the policy filed with the Insurance Department of the State of Missouri at the time the policy was issued, as required by the laws of that state, which duplicate copy did not have such rider attached. It also attempted to show, as tending to disprove plaintiff's contention, that on the date of plaintiff's policy it had no form of policy or rider which contained such a total disability clause, and to support this contention it offered the evidence involved in this appeal. This consisted of a certificate of the Insurance Commissioner of the State of Oklahoma, under seal, reciting that he had checked the files of his office containing policy forms and supplemental contracts filed with his department by defendant, as required by section 10527, O. S. 1931, 36 Okla. St. Ann. § 221, and that "insofar as I have been able to determine," no form containing such a total disability clause was filed by defendant until long after plaintiff's policy was issued. Attached to this certificate, and introduced as a part thereof, were numerous letters written by the Insurance Commissioner to plaintiff in which he advised her that he was convinced, from his investigation of the matter, that her policy did not contain such rider or provision, and giving the reasons upon which he based such conclusion, one being that he had had a photostat copy of what defendant claimed was plaintiff's policy checked against the copy on file with the Insurance Department of the State of Missouri, and was advised by such department that the two were identical in form. In one letter he states, as if the matter were within his personal knowledge, that defendant did not start issuing contracts for annuity payments for total disability until more than a year after plaintiff's policy was issued, and that the records of the state of Missouri confirmed defendant's position, Missouri being the state in which defendant was incorporated.

While the trial court, in admitting this certificate and the attached letters in evidence, instructed the jury that it was to be considered by them only as rebuttal testimony as to whether or not the rider was in fact attached to plaintiff's policy, we think its admission for any purpose was error. Section 321, O. S. 1931, 12 Okla. St. Ann. § 486, provides that copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any public office, duly certified by the officer having custody thereof, may be received in evidence when the original thereof is not in the possession or under the control of the party desiring to use the same. Under this section any document filed in the office of the In-

surance Commissioner, as required by section 10527, O. S. 1931, 36 Okla. St. Ann. § 221, or any other section of our statutes, would be admissible in evidence if properly certified. But no section of the statute or decision of this court authorizing or holding proper the admission in evidence of a certificate such as this, has been called to our attention, and we know of none. The general rule is that in the absence of a statute specifically authorizing its admission, a certificate as to facts not appearing in the records is not admissible. 22 C. J. 838; 20 Am. Jur. 871; Marlow v. School Dist. No. 4, Murray County (1911) 29 Okla. 304, 116 P. 797.

Defendant quotes section 10461, O. S. 1931, 36 Okla. St. Ann. § 41, as authorizing the admission of the certificate in evidence, and also says that its admission in evidence is justifiable because it is the result of an investigation made by the Insurance Commissioner pursuant to section 10469, O. S. 1931, 36 Okla. St. Ann. § 51. We find nothing in section 10461 authorizing the making of such a certificate or justifying its introduction as evidence. Nor do we think the investigation made by the Insurance Commissioner in this case such an investigation as is provided for in section 10469. The letters written by him to plaintiff were not public records, such as required by law to be kept in his office, as were the reports of the State Examiner and Inspector, held admissible in Hays v. State, 22 Okla. Cr. 99, 210 P. 728, and other cases involving the use of such reports, cited and relied upon by defendant. The fact that they emanated from the office of the Insurance Commissioner did not change their status. 10 R. C. L. 1125, 1126.

The trial court being of the opinion that the admission of the certificate and letters was prejudicial to plaintiff, his action in granting a new trial was a proper exercise of judicial discretion, and will not be disturbed. Oklahoma City v. Caple (1936) 178 Okla. 296, 62 P. 2d 1025.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and GIBSON, JJ., concur.