## MORNINGSIDE HOSPITAL AND TRAINING SCHOOL FOR NURSES v. PENNINGTON et vir.

### No. 29735.   June 24, 1941.

*114 P. 2d 943.*

W. E. Green, J. C. Farmer, and R. J. Woolsey, all of Tulsa, for plaintiff in error.

Hughey Baker and Holly L. Anderson, both of Tulsa, for defendants in error.

DAVISON, J.   This is an action for the alleged wrongful death of Edgar Pennington, who was 21 years of age at the time of his death. The action was instituted by the defendants in error, as the next of kin of deceased, hereinafter referred to as plaintiffs, against plaintiff in error, hereinafter referred to as defendant. Demurrer to plaintiffs' evidence was sustained and a verdict directed in favor of defendant. Thereafter, plaintiffs' motion for a new trial was filed, sustained, and a new trial granted. This appeal is from the order granting a new trial. The decisive question in the case is whether or not the evidence of the plaintiffs was sufficient against defendant's demurrer thereto.

The plaintiffs in their amended petition alleged, in substance, that they were the mother and father of Edgar Pennington, deceased, who had been admitted as a pay patient in the hospital of the defendant, and that while in an irrational condition he had sustained a fall from his bed causing an injury which had resulted in his death, and that such injury had been sustained as the result of the negligence of the defendant to take necessary precautionary methods by installing guard rails around his bed and keeping attendants on duty so as to prevent the deceased from injuring himself. The defendant admitted its corporate nature and that it was engaged in the operation of a public hospital; that the deceased had been received as a patient therein and that he had died, but denied that it had been negligent in any respect and that the death of plaintiffs' decedent had been occasioned in any manner by any negligent acts of the defendant.

The evidence of the plaintiffs established substantially the following state of facts: On July 19, 1938, Edgar Pennington, deceased, was received and accepted by the defendant as a paying patient in its hospital. At the time of his admittance the said Edgar Pennington was suffering from an unexplained malady of such a nature as to require the exclusion of visitors, including his parents, from his room; that when he was first placed in the hospital, side rails were placed on his bed; that later the side rails were removed and his left leg was chained to the bed; that on August 13, 1938, a person in passing decedent's room observed him lying with his head on the concrete floor and apparently in a bloody condition; that this passer-by notified a house nurse, who then gave the decedent prompt attention; that after being discovered on the floor his head and face, except his lips, were covered with bandages, and his lips looked bruised, while prior to his discovery on the floor he had not been bandaged; that before his fall (if he in fact fell from the bed) he talked to his mother and thereafter he did not talk to her; that after the alleged fall, side rails were again installed on his bed; that he died on the third day after his

alleged fall; that his body was taken to the undertaking parlor in Broken Arrow in the same condition as when received by the undertaker and that when examined it was discovered that the skull of decedent had been severely fractured and that this fracture was of such a serious nature as to cause death.

We are of the opinion the above proof by plaintiffs was sufficient to make out a prima facie case against defendant. In a civil action plaintiff is not required to prove his case beyond a reasonable doubt. All he must prove is facts making it appear more probable that the injury came in whole, or in part, from defendant's negligence than from any other cause. This may be done by circumstantial evidence and the reasonable inferences to be drawn therefrom. Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 P. 408; Silurian Oil Co. v. Morrell, 71 Okla. 250, 176 P. 964.

The evidence herein adduced is sufficient to take the case out of the realm of conjecture and speculation and the rule that makes a judgment, where an inference is based upon an inference, or a presumption upon a presumption, subject to demurrer, is not applicable.

The fact that when the deceased was placed in the hospital, side rails were kept on his bed for the first few days, and thereafter his leg was chained to the bed, is sufficient to justify a reasonable inference that the hospital authorities knew that his condition was such that restraint was necessary. The question of whether the proper method was adopted for such restraint or protection was for the jury. The fact that after his alleged fall side rails were again installed would be some evidence that the latter method of restraint was insufficient.

While no one testified directly that the alleged fall from the bed caused the skull injuries, the fact that thereafter the boy's head was bandaged, and that he never talked thereafter, and that his body when examined was in the same condition as when removed from the hospital, is sufficient to justify a reasonable inference that such injuries resulted from the fall. And while the evidence does not establish that the deceased death was the result of the injuries, the fact that he never spoke to his mother thereafter, and died on the third day following, and that the head injury was such that death would probably result therefrom, justifies the presumption that death was caused thereby.

From the circumstances proven by plaintiffs, coupled with the circumstantial evidence that deceased's death resulted from a fall from the bed, the jury might reasonably infer that death resulted from the head injuries, and such inference would not be based wholly on the inference that the injuries resulted from the fall. It would also be based upon the facts and circumstances surrounding his death. As said in Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. 2d 714:

"A guess cannot be based on a guess, nor a guess on an inference, nor an inference on a guess, but an inference may be based upon an inference, if the inference is a justifiable conclusion based upon competent evidence, either direct or circumstantial."

This court has heretofore outlined to some extent the duties of a hospital under facts somewhat similar to the case at bar. In Sisters of the Sorrowful Mother v. Zeidler, 183 Okla. 454, 82 P. 2d 996, an action to recover damages against a hospital for the wrongful death of one of its patients who, while unguarded, jumped or fell from a window in the hospital, it was held that the jury's finding of negligence on the part of the hospital in allowing the patient to remain unguarded was sustained by the evidence.

The fact that deceased's attending physician did not testify is not explained in the record. It was not absolutely necessary for him to testify in order for plaintiffs to make out a prima facie case. His failure to testify might have been the result of generosity on the part of plaintiffs in order that the physician would not be embarrassed by giving testimony against a hospital in

which he had been making daily visits and to which he would expect to continue to make future daily visits in looking after patients.

This court is committed to the rule that a motion for a new trial is addressed to the sound legal discretion of the trial court, and that where such motion has been sustained, every presumption which can be properly indulged will be indulged to support the action of the trial court. Belford v. Allen, 183 Okla. 261, 80 P. 2d 676; Moore v. Taylor, 180 Okla. 495, 71 P. 2d 605; Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65. This is true even though the trial court has previously directed a verdict in the case. American National Bank of Ardmore v. Dunn, 143 Okla. 116, 287 P. 999.

The trial court did not abuse its discretion in granting plaintiffs a new trial. The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, HURST, and ARNOLD, JJ., concur. BAYLESS and GIBSON, JJ., absent.