THOMPSON, Trustee, v. NORWOOD.

No. 30125.   Sept. 23, 1941.

*117 P. 2d 791.*

Thomas B. Pryor and W. L. Curtis, both of Ft. Smith, Ark., for plaintiff in error.

C. W. Garrett and Thos. J. Wiley, both of Muskogee, for defendant in error.

HURST, J.   This is an appeal from an order sustaining a motion for new trial. The plaintiff, Norwood, sued for damages for personal injuries and injury to his truck caused by a collision between his truck and a train of defendant in the town of Ft. Gibson. It appears from the record that plaintiff ran his truck into the side of the train as it was moving across the highway.

The act of negligence charged in plaintiff's petition is that the defendant failed to provide at said crossing adequate warning devices, and that such negligence was the proximate cause of the accident. The defendant answered by general denial and by alleging that the plaintiff was guilty of three separate acts of negligence, which were the sole cause of the accident.

The trial court, over the objections of plaintiff, gave three instructions as to the duty of the plaintiff in keeping with the allegations of the answer, and in two of them the jury was told that if the plaintiff was guilty of negligence as alleged, he could not recover. These instructions were erroneous in two respects: (1) They submitted the issue of contributory negligence when it was not raised by the answer, which was in legal effect a general denial (Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747, L.R.A. 1917F, 890); and (2) they invade the province of the jury, in violation of section 6, art. 23, of the State Constitution, in that they told the jury, in effect, that certain facts constituted contributory negligence which prevented recovery by the plaintiff. Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576; Dierksen v. Hollingworth, 184 Okla. 611, 89 P. 2d 358. The trial court assigned no reason for sustaining the motion for new trial, nor was he requested to do so.

We are unable to say from a careful examination of the record that the defendant was entitled to an instructed verdict, as requested and argued, and that the giving of said instructions constituted harmless error. We conclude that the court did not abuse his discretion in granting a new trial. See Carpenter v. Buellesfeld, 187 Okla. 213, 102 P. 2d 119.

Judgment affirmed.

CORN, V. C. J., and RILEY, BAYLESS, and ARNOLD, JJ., concur.