SWIFT & CO. et al. v. KIRKLEY.

No. 30662. Nov. 24, 1942.

Rehearing Denied Dec. 15, 1942.

*131 P. 2d 998.*

Clayton B. Pierce, Truman B. Rucker, and Fred M. Mock, all of Oklahoma City, for plaintiffs in error.

Dennis Bushyhead, of Claremore, and Lloyd Melone and B. A. Hamilton, both of Tulsa, for defendant in error.

PER CURIAM. This is an appeal from an order granting a new trial from a judgment for the defendants in a personal injury action. Plaintiff was injured when a bicycle he was riding and a truck driven by James A. Chronister, an employee of defendant Swift & Company, collided at a street intersection in Claremore, Okla.

On motion for new trial it was developed that the jury had obtained possession of an exhibit excluded by the trial court, and that two of the jurors viewed the premises where the accident occurred during the trial. On request of the defendants to give the reasons for the granting of the motion for new trial, the court stated that it was granting the motion generally and on the grounds set forth in the motion for new trial, and especially grounds 2, 3, 4, and 5. The second ground was the insufficiency of the evidence to sustain the verdict. The third ground was that the verdict is contrary to the instructions. The fourth ground was prejudice by reason of the use of the excluded exhibit, and the fifth ground was misconduct of the jury.

Under the rules announced by this court in Morningside Hospital & Training School for Nurses v. Pennington, 189 Okla. 170, 114 P. 2d 943; Bailey v. Sisson, 180 Okla. 212, 69 P. 2d 65; Oklahoma City v. Caple, 178 Okla. 296, 62 P. 2d 1025; Cohen v. Exchange National Bank, 166 Okla. 177, 26 P. 2d 910; Creekmore v. City of Tulsa, 139 Okla. 249, 281 P. 782, and Carroll v. Morris, 143 Okla. 114, 287 P. 1039, we are of the opinion, and hold, that the trial court did not err in granting the motion for new trial. In Morningside Hospital & Training School for Nurses v. Pennington, supra, we said:

"A motion for a new trial is addressed to the sound legal discretion of the trial court, and where such motion has been sustained every presumption which can be properly indulged will be indulged to support the action of the trial court."

The order of the trial court is affirmed.

WELCH C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., absent.