THOMPSON et al., Trustees, v. GALION IRON WORKS & MFG. CO.

No. 32275.   June 25, 1946.

Rehearing Denied Oct. 1, 1946.

Second Petition for Rehearing Denied Nov. 26, 1946.

*174 P. 2d 256.*

E. G. Nahler, of St. Louis, Mo., and Cruce & Satterfield, of Oklahoma City, for plaintiffs in error.

Joseph C. Stone and Chas. A. Moon, both of Muskogee, for defendant in error.

OSBORN, J. This action was brought by plaintiff, Iron Works, against the defendants, Frank A. Thompson and J. M. Kurn, trustees for St. Louis & San Francisco Railway Company, bankrupt, to recover damages for the destruction, by one of defendants' trains, of a motor grader owned by plaintiff, and leased by it to Muskogee county at the time the accident occurred. The case was tried to a jury and at the conclusion of plaintiff's evidence defendants' demurred to the evidence, which demurrer was by the court overruled. Defendants refused to put on any evidence and rested their case, whereupon the case was submitted to the jury on plaintiff's evidence and a verdict was returned for defendants. Thereafter the trial court sustained plaintiff's motion for new trial on the ground that certain instructions given by him to the jury were erroneous and misleading.

In this court defendants make two contentions: (1) That the trial court

erred in overruling their demurrer to plaintiff's evidence; and (2) that the trial court erred in sustaining plaintiff's motion for new trial.

In the order sustaining the motion for new trial, the trial court said:

"Thereupon, at the request of defendant to state the reasons for said order, the court finds instructions Nos. 11, 12, 13, 14, 15, 16, 17, 18 are incorrect statements of the law and further that instructions Nos. 2 are conflicting with other instructions given in said cause, the same being Nos. 14 and that the conflict of said instructions was of such a nature as to be misleading to the jury."

An examination of the instructions discloses that at least instruction 14 is erroneous and probably misleading.

This court has numerous times held that trial courts have great latitude and wide discretion in passing on motions for new trial, and that this court will not reverse an order of the trial court granting new trial unless the record clearly shows that the trial court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously, every presumption in favor of the correctness of the ruling of the trial court in such case being indulged. Thompson v. Norwood, 189 Okla. 360, 117 P. 2d 791; Harper v. Pratt, 193 Okla. 86, 141 P. 2d 562; A & A Tabicab Co. v. McCain, 179 Okla. 492, 66 P. 2d 17.

Affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.