WELLS v. MAX T. MORGAN CO. et al.

No. 34280.   Oct. 9, 1951.

*236 P. 2d 488.*

Logan Stephenson, F. C. Swindell, O. C. Lassiter, Earl Truesdell, and A. D. Mason, Tulsa, for plaintiff in error.

A. C. Saunders, Tulsa (H. M. Crowe, Jr., Tulsa, of counsel), for defendants in error.

GIBSON, J. Nine members of a jury of twelve returned a verdict in favor of plaintiff in this action for malicious prosecution. The verdict assessed the sum of $2,500 actual damages and $1,000 punitive damages. Defendant filed a motion for new trial. After hearing extended arguments on the motion, the trial court announced that the motion for new trial would be sustained unless

plaintiff should file remittitur of $500 actual damages and $500 punitive damages. Plaintiff filed a written refusal to accept the remittitur and judgment and order was entered sustaining the motion for new trial. From that order plaintiff has filed this appeal. The parties appear here in the same order as in the trial court.

Plaintiff entered into a written contract for the purchase of real estate owned by defendant who was a real estate dealer. A small cash payment was made and the balance of the purchase price was to be paid from the proceeds of a loan on the property. The contract provided for immediate possession upon completion of the deal. Before the loan was completed plaintiff obtained possession of the property and occupied the same. The plumbing and sewerage proved unsatisfactory and plaintiff refused to carry out the contract. He also refused to vacate the property unless his down payments were refunded. The evidence was conflicting as to how plaintiff obtained possession. His evidence was that, despite the contract, defendant gave plaintiff's wife a key to the house and told her she could move in. Defendant denied this saying that a key was left in a mailbox at the house for the use of workmen who were redecorating.

Defendant went to the county attorney and verified an information charging trespass. There was evidence that he did not reveal all of the known facts to the county attorney. Plaintiff was arrested but not confined in jail. On the trial of the criminal case, before the court of common pleas, the plaintiff, as defendant there, demurred to the state's evidence and the demurrer was sustained. The defendant was adjudged "not guilty" and was discharged.

This action was commenced. The argument and authorities of plaintiff are presented in his brief, under one proposition:

"That the trial court erred in ordering the plaintiff to file a remittitur as a condition of refusing a new trial."

By its decisions this court has uniformly held that a motion for new trial is addressed to the sound legal discretion of the trial court and that this court will indulge every presumption in favor of the correctness of the ruling of the trial judge in sustaining such motion and that such an order will not be disturbed on appeal unless the record shows clearly that the court erred in a pure and unmixed question of law or acted arbitrarily or capriciously. Thompson, Trustee, v. Norwood, 189 Okla. 360, 117 P. 2d 791; Trower v. Roberts, 17 Okla. 641, 89 P. 1113; Morningside Hospital & Training School For Nurses v. Pennington, 189 Okla. 170, 114 P. 2d 943; Cosden Pipe Line Co. v. Lewis, 190 Okla. 523, 125 P. 2d 969; Swift & Co. v. Kirkley, 191 Okla. 610, 131 P. 2d 998; Thompson et al., Trustees, v. Galion Iron Works & Mfg. Co., 198 Okla. 21, 174 P. 2d 256.

We have also held upon numerous occasions that where a new trial is granted by the same judge who presided at the trial of the case, this court will require a stronger case, before it will interfere with the order of the trial court in granting a new trial, than where a new trial has been refused. Lusk v. Wilson, 81 Okla. 152, 197 P. 156; Trower v. Roberts, supra; Jarecki Mfg. Co. v. Thames, 151 Okla. 234, 3 P. 2d 428; Harper v. Pratt, 193 Okla. 86, 141 P. 2d 562.

In the case last cited we said that the position occupied by the trial judge of a case places him in better position than any other person to know whether substantial justice had been done.

The plaintiff recognizes these general rules but says that in this case the new trial was granted solely on the basis that the verdict was excessive and cites the general rule announced in 34 Am. Jur. 765, to the effect that the ascertainment of the damages is largely a matter for the unbiased judgment of the jury and a verdict will not

be set aside unless the damages awarded are so obviously disproportionate to the injury shown to have been sustained as to warrant the belief that the jury must have been influenced by passion or prejudice. The same textwriters say, however, that if the amount of recovery is so great as to shock the judicial conscience, the verdict will be set aside, and further, that "The primary duty to guard against an excessive verdict devolves upon the trial court, and great weight is given to its judgment."

After the trial court had announced that he would grant a new trial unless the remittitur was accepted by the plaintiff, an extended discussion took place between court and counsel, and this appears in the record. Several times the trial court announced that he could not conscientiously concur in the verdict. He gave his reasons, and they were not limited to the sole question of the verdict being excessive. He referred to the case of Hogan v. Bailey, 27 Okla. 15, 110 P. 890, wherein this court said:

"The trial court has a higher function under our jurisprudence than to act merely as a moderator or umpire between contending adversaries before a jury. . . . Not only must the jury be satisfied of the righteousness of the conclusion to which it arrives, but, unless that conclusion meets the affirmative, considerate approval of the mind and conscience of the court, it should not, where challenged, be permitted to stand."

He stated that in his opinion the minds of jurors were inflamed by some inconsistent testimony of the defendant and that this was one reason for the verdict being so large. The record sustains the trial court in his observations that the criminal charge was that of trespass and did not charge a felony or infamous crime; that there was no evidence that the plaintiff's arrest had been discussed in the community or that his reputation had been injured, and, further, the verdict of the jury in the case before us was not unanimous. These facts were properly considered by the trial court in considering the motion for new trial and in considering the size of the verdict.

The motion for new trial contained eight assignments of error, one of which specified that the verdict was excessive and was rendered on the basis of prejudice. If, after considering the motion for new trial in its entirety and weighing all of the evidence in the case, the trial judge, in good faith, believed that the motion for new trial should be sustained on any of the grounds specified, but he further believed that justice would be done by reducing the amount awarded in the verdict, he had a right to make the order which was made.

Where the trial court in good conscience believes the verdict to be excessive it may properly direct a remittitur and order a new trial when the remittitur is not acceptable. Anderson v. State ex rel. King, 171 Okla. 587, 43 P. 2d 474; Ft. Smith & Western Ry. Co. v. Hutchinson, 71 Okla. 139, 175 P. 922; Kurn v. Maxwell, 194 Okla. 336, 151 P. 2d 386.

Under the record in this case, when the trial court ordered the remittitur he did not invade the province of the jury; he did not act arbitrarily, but he gave counsel every opportunity to be heard after his announcement of remittitur. The same judge who heard the entire trial and observed all witnesses on the stand ordered the remittitur and granted the new trial after plaintiff's refusal to remit. He was in a superior position to know whether or not the verdict of the jury was in accord with substantial justice. Plaintiff has not shown that the trial court abused the broad discretion which was his, either in ordering a remittitur or in granting a new trial. He has not shown that the trial court acted arbitrarily or capriciously in making said order.

Judgment affirmed.

ARNOLD, C.J., and WELCH, CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.