## SAMEDAN OIL CORP. v. JORDAN BUS CO.

No. 35209. Nov. 25, 1952.

*250 P. 2d 431.*

Thompson & Culp, Ardmore, and Looney, Watts, Ross, Looney & Smith, Oklahoma City, for plaintiff in error.

Williams, Williams, & Williams, Ardmore, for defendant in error.

HALLEY, V.C.J. This action was commenced by the Jordan Bus Company, hereinafter called "plaintiff" against The Samedan Oil Corporation, hereinafter called "defendant", to recover damages to its bus when it collided with a truck driven by an employee of the defendant. Trial to a jury resulted in a verdict for defendant. A motion for new trial was granted, and this appeal is from the latter order.

Plaintiff's bus was proceeding from its last stop at Lone Grove, Oklahoma, on Highway 70 west of Ardmore, when it collided with a truck driven by W. P. Dozier, an employee of defendant. The evidence is in irreconcilable conflict. The driver of the truck was attempting to make or had made a lefthand turn for the purpose of stopping at a store and filling station on the northwest intersection of the federal highway with another road. The disputed questions of fact were the speed of the truck; the speed of the bus; whether or not the driver of the bus sounded his horn; and whether or not W. P. Dozier gave a left-hand turn signal, and when he gave this signal, if he did.

The trial court in granting the motion for new trial assigned as its reasons error in giving three particular instructions. Defendant herein presents the error in granting the new trial under the rule that the court erred as a pure and unmixed question of law. The first instruction complained of is No. 7, which is as follows:

"You are instructed that where two vehicles are traveling in the same direction along a public highway, and the rear vehicle attempts to pass the first one just as it is turning to the left of the highway, and was injured thereby, the driver of the front vehicle was not guilty of negligence in turning to the left unless he knew that the driver of the vehicle in his rear was attempting to pass him."

Certainly, under the fact situation herein, where the vehicles were proceeding along a well-traveled highway four miles from a city the size of Ardmore, with knowledge that other vehicles were behind, it is extremely doubtful if any instruction would be approved which did not recognize a duty of some kind to warn of the action intended by a front vehicle in leaving its course. The trial court was justified in granting a new trial on this error alone. In this connection plaintiff argues that the trial court remedied any error in giving instruction No. 7 by its later action. It is the general rule that the trial court has a wide discretion in granting a new trial for error in giving instructions. If the court was of the opinion that the giving of instruction No. 7 constituted error, it was not necessary to review the later instructions to determine to what extent they corrected this error.

The court also assigned as a reason for granting the motion for new trial that one of the instructions invaded the province of the jury by informing the jury what constituted contributory negligence. The basis of this error is that under §6, art. 23 of the Constitution of this state, this court has held repeatedly that it is the duty of the trial court to define contributory negligence and leave for the consideration of the jury the question of whether or not the facts and circumstances of the case constitute contributory negligence. Owens v. Turman Oil Co., 183 Okla. 182, 80 P. 2d 576; Thompson, Trustee, v. Norwood, 189 Okla. 360, 117 P. 2d 791. In the latter case this court affirmed the action of the trial court in granting a new trial because of erroneous instructions.

The remaining instruction upon which the court based error involved the measure of damages. We are of the opinion

that any error in this connection was academic. No verdict for the plaintiff was returned, and therefore this court is unable to say that there was any error in this respect.

We find no error in the action of the trial court in granting a new trial, and the order is affirmed.

WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.