Oscar CAUDILL, Plaintiff In Error,

v.

Eula May CAUDILL, Defendant in Error.

No. 37713.

Supreme Court of Oklahoma.

July 2, 1958.

Rucker, Tabor & Cox, Joseph M. Best, Tulsa, for plaintiff in error.

E. H. Beauchamp, Grove, Dennis E. Beauchamp, Jay, H. G. E. Beauchamp, Miami, for defendant in error.

CORN, Vice Chief Justice.

Eula May Caudill brought this action against Oscar Caudill for damage by reason of personal injuries suffered in an automobile accident. The plaintiff is the sister-in-law of the defendant, the owner of the car.

The driver of the car is the son of the defendant. It was alleged and proof was adduced that the driver was on a mission in behalf of the defendant at the time of the accident. The defendant's testimony was directed solely to the physical condition of the plaintiff as affected by the accident. His only witness was a doctor.

Medical evidence was in conflict. The plaintiff's evidence indicated that she has a permanent back injury as well as other injuries, attributable to the accident. The defendant's testimony was to the effect that her back condition was due to arthritis, and that she had no injury as a result of the accident except a possible aggravation of the existing condition.

The trial resulted in a jury verdict in favor of the defendant.

In due time motion for new trial was filed. On the 2nd day of January, 1957 the court sustained the motion for new trial. Counsel for the defendant immediately requested that the court state the grounds upon which it was granting the new trial. This the court refused to do.

Thereafter each party presented a journal entry, both of which the trial court refused to sign. The court then directed the preparation of a journal entry finding that all grounds of the motion for new trial were sustained, which was signed by the court and filed in the case.

Notice of intention to appeal to this court was timely given and the appeal has been duly perfected.

The sole question presented here is that the action of the trial court in sustaining a motion for new trial was an abuse of discretion, arbitrary and capricious.

In this connection the defendant cites and relies primarily upon the case of City of Tulsa v. Harman, 148 Okl. 117, 299

P. 462, 463, wherein this court in effect, holds that upon a timely request the trial court should indicate on what grounds of the motion for new trial it was sustaining the motion for new trial.

The plaintiff, defendant in error here, takes the position that the journal entry contains the finding and specifications of the reason for sustaining the motion for new trial.

In this connection she cites and relies upon the case of Pettigrew v. Harmon, 62 Okl. 245, 162 P. 458, in which this court held that the journal entry showing the order of the court is the only evidence this court may consider, and that oral statements taken down by the reporter could not be considered to control the recital of the formal journal entry. The holdings in the cases of Gates v. Settlers' Milling Canal & Reservoir Co., 19 Okl. 83, 91 P. 856 and James v. Coleman, 64 Okl. 99, 166 P. 210, and Ruby v. Warrior, 71 Okl. 82, 175 P. 355, cited by the plaintiff are to the same effect.

▪ Oral remarks of the trial court in sustaining the motion for new trial cannot operate to prevent this court from reviewing the entire record in order to determine whether said new trial was properly granted for reasons other than those stated by the court.

▪ In the journal entry prepared under the direction of the trial court, which contained the order granting the new trial, the trial judge found that the verdict returned was contrary to the evidence, against the clear weight and preponderance thereof, and was not supported thereby; that plaintiff was deprived of a fair and just trial and substantial justice has not been done; that the court erred in the admission of certain evidence, and particularly the statement of Mrs. K.; that counsel for the defendant was guilty of misconduct in the argument which was prejudicial and contributed to the injustice of the verdict; and that all the grounds of the motion for new trial should be sustained. The findings therein are sufficient to satisfy the defendant's request for specific reasons for the granting of the new trial.

The defendant states, however, that the record discloses that no irregularities occurred at the trial and that the evidence adduced fails to sustain the findings of the trial court set forth in the journal entry.

In converse the plaintiff suggests that the record clearly sustains the findings of the trial court therein that she did not have a fair trial; and that the court was correct in sustaining the motion for new trial.

The record detailed, as well as the presentation by both parties on oral argument, indicates that at the time of the signing of the journal entry the court specifically stated that it set forth the court's interpretation of its ruling in granting the new trial.

▪ We have, without exception, held that the trial court has a broad discretion in the granting of a new trial, and its action in granting the same will not be disturbed on appeal unless there is a clear showing of manifest error in some pure question of law, or that it acted arbitrarily or capriciously. Fred Jones Co. v. Bowline, Okl., 309 P.2d 296; Oklahoma City v. Caple, 178 Okl. 296, 62 P.2d 1025; Harper v. Pratt, 193 Okl. 86, 141 P.2d 562. The record in this case discloses no abuse of discretion or manifest error.

Judgment affirmed.

WELCH, C. J., and DAVISON, JOHNSON and WILLIAMS, JJ., concur.

HALLEY and BLACKBIRD, JJ., dissent.