**Oda TICKEL, Plaintiff in Error,**

v.

**Roy Martin FELTON, Defendant in Error.**

No. 38465.

Supreme Court of Oklahoma.

Oct. 27, 1959.

E. Blumhagen, Watonga, for plaintiff in error.

Fitzgerald & Houston, by Winfrey D. Houston, Stillwater, for defendant in error.

WILLIAMS, Vice Chief Justice.

Parties are referred to as they appeared in the trial court.

Plaintiff negotiated, separately, with Roy Martin Felton, defendant, and his brother, Robert Marshall Felton, for the sale of certain lands in Blaine County, Oklahoma. Each brother owned an undivided one-half interest as tenants in common, in such lands. The terms and conditions of this sale were agreed upon by both of the sellers.

A contract of sale and deed were prepared by a banker who was to be the escrow agent. A single contract and deed were prepared for the signatures of defendant and his brother. Defendant, joined by his wife, signed and acknowledged the contract and deed, and delivered them to the banker. The contract and deed were mailed to defendant's brother for execution. Defendant's brother refused to sign the contract and deed, and returned them to defendant who retained them until this action was filed.

The contract sued upon provided that Roy Martin Felton and Robert Marshall Felton "have this day sold to" plaintiff said lands, upon terms shown therein. This

contract did not specifically provide that the agreement was not to be binding upon one grantor signing unless signed by both grantors.

Upon learning that Robert Marshall Felton refused to consummate this sale, plaintiff filed this action against defendant for specific performance on defendant's part as to his one-half interest with proportional abatement in the purchase price.

Trial court rendered judgment for plaintiff. Defendant's motion for new trial was sustained for the reason "that the court erred in finding that the evidence submitted was sufficient to sustain the judgment * * *", and erred "in finding that plaintiff was entitled to the judgment entered on May 26, 1958 under the law."

Plaintiff appeals from such order.

The only assignment of error is that the trial court erred in a pure, simple and unmixed question of law in holding that the evidence of plaintiff was insufficient to sustain the judgment.

The question of whether partial specific performance may be had, with abatement of consideration, against a co-tenant signing a contract for sale of land when such contract is not executed by remaining co-tenant contemplated as a party to such contract has never been decided in this jurisdiction. Decisions of other jurisdictions are annotated in 154 A.L.R. 764, division III at page 778, and cases cited in A.L.R. Supplemental Decisions.

 The granting of specific performance necessarily involves a finding that the elements of a valid contract are present, and a weighing of the equities in favor of the respective parties. 65 A.L.R. 45.

In the present case there was conflicting testimony as to whether there was a valid contract between the parties to this action and as to whether the intentions of the parties were that the contract sued upon, if one existed, should bind the defendant since his brother did not execute it and was not bound thereby.

Determination of these matters included a determination of facts as shown by the evidence. In the ruling of the trial court in granting a new trial in this case there inheres a finding that the court had erred in making conclusions of fact upon which it had awarded judgment for the plaintiff.

 Under these circumstances we cannot say that the trial court erred in respect to some pure, simple and unmixed question of law. An order granting a new trial will be sustained unless it is evident that the trial court erred on a pure, simple and unmixed question of law. Caudill v. Caudill, Okl., 327 P.2d 696.

Affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.

IRWIN, J., concurs in result.